IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICKY A. WALKER, #158781
    Plaintiff
    v.                                                       CIVIL ACTION NO. AMD-06-2101

SECRETARY OF PUBLIC SAFETY, et al.,
              Defendants.

...o0o...

MEMORANDUM

On August 14, 2006, Ricky A. Walker filed this 42 U.S.C. § 1983 action against the Secretary, Department of Public Safety and Correctional Services ("DPSCS"). The original complaint was not a model of clarity. It seemingly raised claims concerning an Administrative Law Judge ("ALJ") decision regarding the September 2003 confiscation of plaintiff's legal materials and personal property, including a television,[1] and a January 15, 2004 adjustment hearing which resulted in the disposition of the property. Paper No. 1.

In his amended complaint, plaintiff alleges that: (1) defendants Johnson, Fletcher, and Wilson inventoried his legal materials and personal property in September 2003;[2] (2) defendants Galley and Secretary of DPSCS supported the acts of the officers; and (3) defendant Nastri "cut off" plaintiff when he was presenting his defense during the January 2004 adjustment hearing and ordered the destruction of his property.[3] Paper No. 6.

---

[1] Plaintiff claims that the television was confiscated upon an erroneous interpretation of Division of Correction Directive ("DCD") 220-003. Paper No. 1.

[2] Plaintiff alleges that Officer Johnson also illegally confiscated his property

[3] Plaintiff did not identify the legal materials in his original complaint, but claimed that the "confiscation of my legal materials have resulted in not having needed documentation for another legal matter I presently have pending in the United States Supreme Court." Paper No. 1. In his amended complaint he states that the legal materials included transcript records, Maryland appeals court and federal court decisions, legal reference materials, and pending and old administrative remedies. Paper No. 6. He alleges that the taking of the materials affected his ability to seek proceed with a case in the Supreme Court. *Id*.

Now pending are plaintiff's three motions for summary judgment and defendant Secretary, Johnson, Nastri, and Galley's (hereinafter referred to as "defendants") motion to dismiss or, in the alternative, motion for summary judgment.[4] Paper Nos. 17, 22, 29, & 32. The matter may be determined on the pleadings and without oral hearing. *See* Local Rule 105.6. (D. Md. 2004). For the reasons that follow, defendants' motion to dismiss or for summary judgment, construed as a motion for summary judgment, shall be granted and plaintiff's motions for summary judgment shall be denied.

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c). A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted). This court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humpreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

---

[4]Service of process was not effected on defendants Wilson and Fletcher.

There is no dispute of material fact shown here. On September 13, 2003, plaintiff was transferred from the Maryland House of Correction Annex to the Western Correctional Institution ("WCI"), where officers inventoried his property and found some of it not permitted.[5]

The following information is culled from the record. On September 17, 2003, defendant Johnson was conducting an inventory of plaintiff's property after his arrival at WCI. Plaintiff became agitated when informed that his televison was not permitted as "contraband" because the cord had been spliced and taped. He lunged at Officer Johnson and as a result, was placed on segregation. Plaintiff's property, including alleged "legal data," was taken to the segregation unit.[6]

One week later, on September 24, 2003, plaintiff was served with a Notice of Confiscation and Inmate Personal Property Disposition, which informed him that the items were confiscated as either excess items or contraband. The notice also afforded plaintiff the opportunity to provide an address for the disposition of the property or to request a forfeiture hearing within thirty days. There is no dispute that he refused to sign the document. Furthermore, there is no evidence that he provided WCI personnel with an address or that he formally requested a forfeiture hearing. Nonetheless, plaintiff's property was not disposed of within the 30-day period set out on the Notice/Disposition form, but instead remained in the WCI property room while plaintiff was on disciplinary segregation. On January 13, 2004, plaintiff was given further opportunity to advise prison personnel as to how to dispose of the confiscated items. He did not do so and was written up for possession of contraband. A hearing was held before defendant Nastri, who ordered the property

---

[5] Plaintiff further asserts that his television did not meet the definition of contraband and therefore should not have been confiscated and his legal materials were confiscated as being "excess" property but were not returned to him

[6] Plaintiff received a notice of infraction regarding the incident and was subsequently found guilty of adjustment infractions and sanctioned with 120 days of segregation.

be confiscated as non-operational or in excess of allowable property. This property included plaintiff's television and a watch. Nastri's recommendation was approved by Warden Galley on February 6, 2004.

Plaintiff filed grievances at the institution and headquarters levels concerning the inventorying and confiscation of the property. An appeal was filed with the IGO and a hearing was conducted on the matter; the ALJ considered plaintiff's administrative remedies, various letters, notices, and administrative reviews. In addition, the ALJ heard testimony from plaintiff and Officer Johnson. On December 27, 2004, the ALJ determined the following: (1) plaintiff's personal property was confiscated; (2) certain property was confiscated because it was "in excess of the allotted amount;" (3) other property, including the television, a black robe, and a watch were confiscated because "they were contraband;" and (4) the watch was in need of a battery replacement.[7] She concluded that while plaintiff did establish that his watch was improperly confiscated,[8] he did not establish that the confiscation of other items of personal property was improper. Plaintiff sought judicial review of the ALJ's decision in the Circuit Court for Allegany County. The decision was affirmed by the circuit court on May 2, 2005. The Court of Special Appeals of Maryland denied plaintiff's application for leave to appeal on April 18, 2006, and the Court of Appeals of Maryland denied plaintiff's petition for certiorari on July 28, 2006.

In this case, defendants correctly observe that any direct challenge to the ALJ decision and/or review of the decision of the circuit court are not possible in this court, a court of limited jurisdiction

---

[7]The ALJ did not make a finding as to plaintiff's legal materials.

[8]ALJ Sinrod concluded that as plaintiff had failed to establish the fair value of the watch, he was not entitled to a remedy.

4

that lacks appellate jurisdiction over state courts under the *Rooker-Feldman* doctrine.[9] *See* 28 U.S.C. § 1257.

It may be that plaintiff intends to assert due process claims with regard to the confiscation and loss of his property. In any event, such a claim does not survive scrutiny. Insofar as that property was confiscated and later destroyed by prison staff, the record shows that these acts comport with requirements of the Due Process Clause.

In September 2003, plaintiff's property was inventoried, various items were confiscated, and he was given a form notifying him of the confiscation and asking him for information as to where and how the property should be disposed of and whether he wished to have a forfeiture proceeding. He did not sign the form. Nonetheless, the review process proceeded and in January 2004, a disposition hearing was held before defendant Nastri. Issues regarding the property were decided. In addition, it is well documented that plaintiff took advantage of the available remedies through the administrative remedy and court process. *See Parratt v. Taylor*, 451 U.S. 527, 542-43 (1981), overruled on other grounds by *Daniel v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (rejecting procedural due process claim for alleged intentional deprivation of property by state employees where a meaningful post-deprivation remedy for the loss was available). Plaintiff was provided suitable post-deprivation remedies which satisfy due process.

Finally, the parties do not discuss the alleged confiscation of plaintiff's legal materials or "data" at any length. Plaintiff states that various legal materials were confiscated and not returned

---

[9] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *see also* 28 U.S.C. § 1257(a).

to him. He claims that the legal documents were "needed to file in the United States Supreme Court" and he identifies a particular case that was allegedly affected.[10] *See* Paper No. 6 at 4-5.

In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held that a deprivation of an inmate's right of access to the courts is actionable, but only where the inmate is able to demonstrate actual injury from such deprivation. *Id*. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 353. Rather, the Court concluded that inmates are not guaranteed the ability to litigate every imaginable claim they can perceive, but only that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355.

This court concludes as a matter of law that plaintiff has failed to project evidence which establishes that the alleged loss of legal materials prejudiced his case so as to deny his constitutional right of access to the courts; plaintiff has failed to demonstrate how his lack of access to the materials caused him real injury.[11]

For the aforementioned reasons, defendants' motion for summary judgment shall be granted, and plaintiff's motions denied. An Order follows.

Filed: June 22, 2007                                                         /s/
                                                                             Andre M. Davis
                                                                             United States District Judge

---

[10] Plaintiff filed a 28 U.S.C. § 2254 petition in this court, which was dismissed as successive on January 30, 2006. *See Walker v. Galley,* Civil Action No. AMD-06-228 (D. Md.). Plaintiff appealed that matter to the United States Court of Appeals for the Fourth Circuit, which denied a certificate of appealability and dismissed the appeal. *See Walker v. Galley*, 183 Fed.Appx. 382 (4th Cir. June 1, 2006). On July 25, 2006, plaintiff filed a petition for certiorari. The petition was denied by the Supreme Court on October 2, 2006. Plaintiff cites to that petition, under the Supreme Court case number of "06-5563," as the matter which was affected by the confiscation of his legal material. Paper No. 6 at 4 & 5. He clearly has suffered no prejudice.

[11] Because plaintiff has failed to meet his burden of showing a due process violation, the claims against defendants Wilson and Fletcher shall be dismissed.